IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50369
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALDO RAY WASHINGTON,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CR-167
- - - - - - - - - -
April 2, 1997

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Aldo Ray Washington appeals from his guilty-plea conviction and sentence for using or carrying a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1).

Washington argues that the factual basis was insufficient to support his guilty plea in light of the Supreme Court's decision in Bailey v. United States, 116 S. Ct. 501 (1995). Our review of the record, arguments, and authorities convinces us that there

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

was no error, plain or otherwise.  See United States v. Ulloa, 94 F.3d 949, 955 (5th Cir. 1996).

Washington argues that his guilty plea is invalid because the district court failed to comply with Fed. R. Crim. P. R. 11 by failing to advise Washington of the nature of the charge.

We have reviewed the record, including the transcript of the rearraignment hearing, the plea agreement, and the factual resume supporting the guilty plea, and hold that Washington was aware of the nature of the charge against him.  Further, even if the district court varied from Rule 11 by not expressly stating the elements of the offense of conviction, such variance cannot be reasonably viewed as a material factor affecting Washington's decision to plead guilty.  See United States v. Johnson, 1 F.3d 296, 302 (5th Cir. 1993) (en banc).

Washington argues that his trial counsel was ineffective for failing to advise him of the nature of the charge in light of Bailey and for failing to object to the sufficiency of the factual basis.

This court does not review claims of ineffective assistance of counsel on direct appeal if the issue has not been presented to the district court and if there has been no opportunity to develop the record on the issue.  United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992).  Any ineffective-assistance claim which Washington may wish to bring may be brought in a 28 U.S.C. § 2255 proceeding.

AFFIRMED.